IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ROBERT LEON BATTLE,                    )
                                       )
             Petitioner,               )
                                       )
      v.                               )          CV 317-056
                                       )
WARDEN VANCE LAUGHLIN,                 )
                                       )
             Respondent.               )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Wheeler Correctional Facility, in Alamo, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 7), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

## I.      BACKGROUND

On September 22, 2017, Petitioner filed an action construed as a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of Georgia. (Doc. no. 1.) On September 29, 2017, U.S. Magistrate Judge Janet F. King transferred the case to the Southern District of Georgia. (Doc. no. 2.) Petitioner did not file his petition on the standard form used by incarcerated litigants in the Southern District of Georgia. (Doc. no. 1.) Therefore, on November 9, 2017, the Court ordered Petitioner to submit an amended § 2241 petition on

the appropriate form if he wished to pursue federal habeas relief pursuant to § 2241. (Doc. no. 8.) The Court directed the Clerk of Court to attach a copy of the standard petition for writ of habeas corpus under § 2241. (Id.) The Court cautioned Petitioner he must submit the amended petition within twenty-one days and failure to do so would result in a recommendation of dismissal. (Id. at 2-3).

The time to respond to the Court's November 9th Order has passed, and Petitioner has not submitted an amended § 2241 petition. Therefore, dismissal without prejudice is appropriate.

## II.    DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also McLeod v. Sec'y, Fla. Dep't of Corr., 679 F. App'x 840, 842 (11th Cir. 2017) (per curiam) ("The district court has the inherent authority to manage its own docket to achieve 'the orderly and expeditious disposition of cases.'") (citation omitted); Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua*

*sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to submit an amended petition, or even to provide the Court with an explanation for his failure to comply with the November 9th Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Petitioner that a failure to respond would result in a recommendation for dismissal. Furthermore, because Petitioner requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Because the Petitioner has not submitted an amended petition, the petition is subject to dismissal for Petitioner's failure to comply with the Court's November 9, 2017 Order.

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 7), this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of December, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA